```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
UNITED STATES OF AMERICA      :    No. 3:17MJ01849(SALM)
                              :
v.                            :
                              :
JORGE ALBERTO BLAS SANCHEZ    :    June 12, 2018
                              :
------------------------------x
```

## ORDER OF DISMISSAL WITHOUT PREJUDICE

The government has moved to dismiss the Complaint in this matter <u>without</u> prejudice. <u>See</u> Doc. #40. The Court directed counsel for the defendant to file a response to this motion [Doc. #41]; in his response, defendant seeks dismissal <u>with</u> prejudice. <u>See</u> Doc. #42.

Defendant argues that the Complaint should be dismissed with prejudice because "the crime is not of a serious nature." Doc. #42 at 1. Further, defendant argues, the government failed to file any Indictment in this matter for a period far exceeding the 30-day limitation of the Speedy Trial Act, asserting that the government has provided no sufficient "explanation for its apparent negligence in failing to indict the defendant within a reasonable time, let alone the required thirty (30) day period." <u>Id.</u> at 1-2.

The government filed a Memorandum in Support of its Motion to Dismiss Criminal Complaint Without Prejudice in reply to

1

defendant's response to the motion to dismiss. [Doc. #44]. In that reply, the government asserts that because defendant waived Speedy Trial time through and including June 12, 2018, there has been no Speedy Trial violation and, thus, the standards of 18 U.S.C. §3162(a)(1) are inapplicable to a determination of whether this matter should be dismissed with, or without, prejudice. See id. at 1. Instead, the government seeks dismissal pursuant to Federal Rule of Criminal Procedure 48(a). See id.

**PROCEDURAL BACKGROUND**

A review of the procedural history is warranted in light of defendant's response to the government's motion to dismiss. On December 18, 2017, defendant filed a motion to continue the preliminary hearing scheduled for December 22, 2017, on the grounds that he needed additional time to "review discovery" and to "investigate various matters" before making a decision as to how to proceed. Doc. #11 at 1, 2. Defendant also filed a written waiver entitled "WAIVER OF SPEEDY TRIAL, RETURN OF INDICTMENT WITHIN 30 DAYS, AND IMMEDIATE PROBABLE CAUSE HEARING" on December 18, 2017. Doc. #12 at 1. In that document, defendant asserted that he "understands that by signing this waiver, he will be giving up the rights accorded to him by the Speedy Trial Act, 18 U.S.C. §3161 ... including his right to indictment within 30 days" and other rights. Id. That waiver extended to January 15, 2018. See id. at 2. The Court made express findings

2

on December 20, 2017, that "a continuance of these deadlines is in the best interest of the defendant; that he knows his rights under the relevant rules and statutes; that the interest of the public in a speedy trial is outweighed by the parties' interest in a continuance in this matter; and that a continuance of both deadlines is in the interest of justice." Doc. #15.

On December 22, 2017, the Court conducted a presentment and detention hearing in this matter. See Doc. #17. During that hearing, the parties discussed whether further continuance of the preliminary hearing to a date in February 2018 was appropriate. Defense counsel indicated that he had discussed that issue with the defendant, and that the defendant consented to a further continuance. The Court advised the defendant, on the record, of his rights under the Speedy Trial Act to be charged within 30 days of his arrest, and the defendant waived that right through and including February 28, 2018.

On February 20, 2018, the defendant filed a further motion to continue the preliminary hearing, asserting that he needed additional time to "meet with his attorney and investigate pre-indictment resolution of this case." Doc. #22 at 1-2. Defendant also filed a written waiver entitled "WAIVER OF SPEEDY TRIAL, RETURN OF INDICTMENT WITHIN 30 DAYS, AND IMMEDIATE PROBABLE CAUSE HEARING" on February 20, 2018. Doc. #23 at 1. In that document, defendant requested "the exclusion [of a period of

time through April 15, 2018,] from the speedy trial calculations ... <u>including his right to indictment within 30 days</u>[.]" Id. (emphasis in original). He further asserted that he "understands that by signing this waiver, he will be giving up the rights accorded to him by the Speedy Trial Act, 18 U.S.C. §3161 ... including his right to indictment within 30 days" and other rights. Id. That waiver extended to April 15, 2018. See id. at 2. The Court made express findings on February 20, 2018, that "a continuance of these deadlines is in the best interest of the defendant; that he knows his rights under the relevant rules and statutes; that the interest of the public in a speedy trial is outweighed by the parties' interest in a continuance in this matter; and that a continuance of both deadlines is in the interest of justice." Doc. #24.

On April 4, 2018, the defendant filed a third motion to continue the preliminary hearing, asserting that he needed additional time to "meet with his attorney and investigate pre-indictment resolution of this case." Doc. #29 at 2. The motion further asserted that defense counsel "has a firm trial date of May 9" in another matter, "which is an additional reason for the length of the requested continuance[.]" Id. at 2. Accompanying the motion was a written waiver entitled "WAIVER OF SPEEDY TRIAL, RETURN OF INDICTMENT WITHIN 30 DAYS, AND IMMEDIATE PROBABLE CAUSE HEARING." Doc. #29-1 at 1. In that document,

defendant requested exclusion of "a period of time until June 3, 2018," from the Speedy Trial calculations. Id. at 2. He further asserted that he "understands that by signing this waiver, he will be giving up the rights accorded to him by the Speedy Trial Act, 18 U.S.C. §3161 ... including his right to indictment within 30 days" and other rights. Id. at 1. The Court made express findings on April 4, 2018, that "a continuance of these deadlines is in the best interest of the defendant; that he knows his rights under the relevant rules and statutes; that the interest of the public in a speedy trial is outweighed by the parties' interest in a continuance in this matter; and that a continuance of both deadlines is in the interest of justice." Doc. #30. The Court then reset the preliminary hearing to May 30, 2018. See Doc. #32.

On May 18, 2018, defense counsel filed a Motion to Withdraw as Attorney. [Doc. #33]. On May 21, 2018, the Court scheduled a hearing on that motion for May 24, 2018. [Doc. #34]. In the calendar for that hearing, the Court advised: "Both parties should be prepared to discuss the preliminary hearing set for May 30, 2018, in light of the Court's prior order indicating that further extensions of that deadline will not be granted." Id. On May 22, 2018, the Court entered a Calendar converting the May 24, 2018, motion hearing from an in-person proceeding, to a telephonic proceeding. [Doc. #35]. During the May 24, 2018,

5

telephonic motion hearing, in which the defendant also personally participated, the Court canvassed defendant on his concerns about Attorney Urso's representation, which did not relate to the quality or content of Attorney Urso's advice. See Doc. #36. Defendant expressed his willingness to continue with Attorney Urso as his counsel. As a result, the Court terminated defense counsel's motion to withdraw. See id.

During that proceeding, the Court also discussed, on the record, the impending May 30, 2018, preliminary hearing deadline. See id. The Court memorialized those discussions in an Order entered on May 24, 2018:

> No Indictment or Information has been filed in this matter. The parties represented that they require an additional brief continuance to attempt to reach a mutually agreeable resolution. The Court granted the parties' motion for a continuance to and including June 13, 2018.
>
> The Court explained to Mr. Sanchez the deadlines set forth in both 18 U.S.C. §3161(b), requiring that an indictment or information be filed within 30 days of a defendant's arrest, and Rule 5.1(c) of the Federal Rules of Criminal Procedure, requiring that a preliminary hearing be held within 21 days of the initial appearance of a defendant who is released on bond. The defendant had previously filed a written waiver of his right to a hearing through and including June 3, 2018. See Doc. #27-1. The defendant, after being advised of his rights, and with the assistance of counsel, consented to a further continuance to and including June 13, 2018. The Court concludes that a continuance of these deadlines is in the best interest of the defendant; that he knows his rights under the relevant rules and statutes; that the interest of the public in a speedy trial is outweighed by the parties' interest in a continuance in this matter; and that a continuance of

both deadlines is in the interest of justice. The preliminary hearing previously scheduled in this matter for May 30, 2018, is hereby continued to **June 12, 2018.** A separate calendar will enter. The time from May 30, 2018, through and including June 12, 2018, is hereby excluded from the calculation of the deadlines set forth in 18 U.S.C. §3161(b) and Rule 5.1(c) of the Federal Rules of Criminal Procedure.

The June 12, 2018, hearing will go forward, and the defendant's presence will be required, regardless of the developments in this matter between now and then. If the defendant has been indicted, the hearing will be an arraignment. If he has reached an agreement with the government, the hearing will be a waiver of indictment and guilty plea. If neither has occurred, the hearing will be a preliminary hearing.

Doc. #37. On June 7, 2018, the government filed the motion to dismiss now before the Court. See Doc. #40.

## **DISCUSSION**

Defendant's position regarding the Speedy Trial clock carefully, and rather disingenuously, ignores the fact that it was defendant who sought -- and expressly, in writing, consented to -- each extension of the deadlines set forth in the Speedy Trial Act. See, e.g., Docs. #11, #12, #22, #23, #29. Indeed, since the inception of this matter, defendant has not once demanded a speedy trial. "Generally, failure to demand a speedy trial makes it difficult for a defendant to prove that he was denied a speedy trial." United States v. Ghailani, 733 F.3d 29, 50 (2d Cir. 2013). Simply, there has been no Speedy Trial violation, and therefore, there are no grounds upon which to consider dismissal pursuant to 18 U.S.C. §3162(a).

7

Although not raised by defendant, the Court acknowledges that during defendant's December 22, 2017, appearance, it did not make express Speedy Trial findings on the record. This, however, is not fatal to the conclusion that there has been no Speedy Trial violation.

> The [Speedy Trial] Act requires that when a district court grants an ends-of-justice continuance, it must "se[t] forth, in the record of the case, either orally or in writing, its reasons" for finding that the ends of justice are served and they outweigh other interests. 18 U.S.C. §3161(h)(8)(A). Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted ... on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under §3162(a)(2).

Zedner v. United States, 547 U.S. 489, 506–07 (2006) (footnote omitted). Although the "best practice" is to make contemporaneous Speedy Trial findings, see id. at 507 n.7, here the Court has expressly set forth its Speedy Trial findings both before and after the waiver at issue, and more importantly, before acting on a request for dismissal. Furthermore, at the December 22, 2017, hearing, the Court articulated reasons that a continuance was appropriate, including that defendant resides in California, making court appearances in Connecticut a hardship.

Perhaps most significantly, defendant has not demonstrated how he has been prejudiced by the multiple continuances

8

requested by him. Defendant asserts that he "has already served a de facto six (6) month sentence of strict home confinement; to keep open indefinitely the prospect of possible re-arrest would not serve the interests of justice under these facts." Doc. #42 at 2. In making that statement defendant conveniently ignores that during his initial appearance, the Court acknowledged that defendant had generally been compliant with the directives of the United States Probation Office in the Central District of California, where he was being supervised before his initial appearance in this District. In acknowledging defendant's compliance, the Court suggested that defendant might move to modify his conditions of release; the Court explicitly suggested that the condition of location monitoring might be removed. Defendant never sought any such modification of his conditions of release. Accordingly, plaintiff's argument that he has already served a "de facto six (6) month sentence" carries little weight.

As the government represents, its motion to dismiss is made pursuant to Federal Rule of Criminal Procedure 48(a). See generally Doc. #44. That Rule provides: "The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a). "Dismissal pursuant to Rule 48(a) is generally without

9

prejudice. Courts dismiss cases under Rule 48(a) with prejudice or deny such motions only where the prosecutor acted in 'bad faith,' or where dismissal followed by recharge would amount to 'prosecutorial harassment[.]'" United States v. Doody, No. 01CR1059(SAS), 2002 WL 562644, at *2 (S.D.N.Y. Apr. 16, 2002) (internal citations omitted); accord United States v. Nix, No. 6:15CR06126(EAW), 2017 WL 4641257, at *4 (W.D.N.Y. Oct. 13, 2017). Here, the record does not in any way support a finding of bad faith on the part of the prosecutor, or that the filing of new charges would amount to prosecutorial harassment. In that regard, the Court credits the prosecutor's representations that although he believes that probable cause supports the charges in the complaint, "the Government chose to file a Rule 48(a) dismissal to allow sufficient and further time" to develop "additional evidence of knowledge and intent necessary to present this case to a trial jury." Doc. #44 at 4-6.

Therefore, the Court finds that dismissal of this matter, without prejudice, is appropriate under Rule 48(a). There has been no Speedy Trial violation. There has been no showing of bad faith on the part of the prosecutor. There has been no showing that recharging defendant would amount to prosecutorial harassment. Accordingly, the government's Motion to Dismiss Criminal Complaint Without Prejudice [**Doc. #40]** is **GRANTED.**

The Clerk of the Court is directed to close this case.

SO ORDERED at New Haven, Connecticut, this 12th day of June, 2018.

                                          /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE